No. 46,573

The State of Kansas, *Appellee*, v. Connie Marie Suing, *Appellant*.

(502 P. 2d 718)

Opinion filed November 4, 1972.

*Christopher J. Redmond,* of Redmond and Redmond, of Wichita, argued the cause, and *Owen J. Redmond, Jr.,* and *L. Joseph Smith,* of the same firm, were with him on the brief for the appellant.

*Reese Jones,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: Appellant was convicted by a jury of aggravated robbery and she appeals.

Her prosecution arose out of the robbery of the Taco Tico drive-in restaurant at about 11:30 p. m. on November 17, 1970. Two employees and two customers identified appellant as the woman who demanded the establishment's money at gunpoint and walked out with $150 to $175.

The robber was driven away from the scene in an automobile described by witnesses as a dirty, white, 1962 Chrysler with dis-

tinctive rust spots on the right front door. According to the state the owner and driver of this vehicle was one Paul E. Skinner, who was also convicted of the same robbery in a separate trial. His conviction is affirmed in a companion case, *State v. Skinner*, 210 Kan. 354, 503 P. 2d 168. Officers located such a car later that night parked outside the Gasser Club. In due course appellant and Skinner got in the car, and as they were driving away were stopped and arrested. After her arrest appellant was searched at the police station, where $3 was found in her pocket and $77 in her bra. Skinner was relieved of $134 in a similar search.

Appellant basically claims two trial errors. First, she complains of the trial court's failure to instruct on her defense of alibi, in support of which she introduced considerable testimony. She made no request for such an instruction and made no objection to those given. She is thus precluded from asserting this claim under K. S. A. 1971 Supp. 22-3414 (3), unless the failure was "clearly erroneous." In *State v. Skinner*, supra, involving appellant's comrade in crime, an alibi instruction was requested and refused. We are there holding after full discussion and review of the authorities, which need not be repeated here, that such a refusal was proper. Where the instructions define the elements of the crime charged and require the jury to find the presence of each element beyond a reasonable doubt in order to convict, it is not necessary to give a separate instruction on the defense of alibi, even if requested. It follows, *a fortiori*, that the failure to give such an instruction is not error where no request is made.

Appellant's second point comes to the admission into evidence of two photographs of the getaway car. Her complaint is that no one said that the photographs were "true and accurate reproductions" of the car; *i. e.*, the "magic words" were lacking. She cites *Shepard v. Dick*, 203 Kan. 164, 169, 453 P. 2d 134, where we said:

". . . Pictures which are properly identified as true and accurate reproductions of a subject matter in evidence and which are relevant to the issues are generally admissible in evidence."

The thrust of that and similar statements is well characterized in the annotation at 9 A. L. R. 2d 904 (quoted with approval in *Brockman v. State*, 163 Neb. 171, 79 N. W. 2d 9):

". . . In view of the practical impossibility of obtaining photographs which perfectly represent their subject, it would seem that when the courts state that one offering photographs in evidence should prove that they are

accurate and correct, they really mean that *it must be shown merely that the photographs are sufficiently correct to be helpful to the court and jury.*" (Emphasis added.)

In keeping with this thought is our statement in *Howard v. Stoughton,* 199 Kan. 787, 433 P. 2d 567 Syl. ¶ 1, that relevant photographs may be admissible "if shown to be *a likeness* of what they purport to represent." (Emphasis added.)

The governing principle is stated in Scott, *Photographic Evidence* (Second Edition), § 1027:

"The amount of proof required varies with the purpose of the photograph. When a picture is offered as a general representation of a scene or object, very slight proof of reliability may be sufficient; but when it is offered as representing slight differences of height, breadth or length, much more convincing proof of dependability should be required."

Further, "The sufficiency of the verification of a photograph is a preliminary question of fact to be decided by the trial judge, and his ruling will not be disturbed on appeal unless an abuse of discretion is shown." (Ibid.) See also, 32 C. J. S., *Evidence,* § 716; 29 Am. Jur. 2d, *Evidence,* § 788.

The real issue as to the photographs in this case was not whether they accurately portrayed the automobile, but whether the automobile portrayed was the one used in the robbery. Although none of the several witnesses who identified the pictures was specifically asked if they were "fair representations" of the car, it is apparent that they were. The robbed employee identified the photographs as "the car used in the robbery." The customer who saw the robber come out of the restaurant, and who immediately after the robbery followed the car for some time, identified the photographs as being "the same car that he followed that night." The arresting officer identified them as being "the same car that I saw that night at the Gasser Club" immediately before the arrest. Another officer who was personally acquainted with both Skinner and his 1962 Chrysler from prior encounters identified the photographs as being "the same car that was at the Gasser Club and that was stopped by Sgt. Potter at 4128 South Broadway." The clear implication is that the likenesses were good enough for the witnesses to identify the car. We think that was all that was required, considering the limited purpose for which the pictures were offered.

Appellant also urges, rather feebly, that there was insufficient evidence to go to the jury; we find that the positive identification of appellant by four eyewitnesses was sufficient evidence. Finally, she

asserts that a new trial should have been granted because of the two claimed trial errors discussed above; we have concluded they were not errors.

There being no error, the judgment is affirmed.

APPROVED BY THE COURT.