No. 47,947

STATE OF KANSAS, *Appellee,* v. HAROLD DUCKWORTH, *Appellant.*

(549 P. 2d 554)

Opinion filed May 8, 1976.

*John J. Ambrosio,* assistant district defender, and *Donald W. Rupert,* legal intern, were on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Gene M. Olander,* district attorney, and *Donald P. Morrison,* assistant district attorney, were on the brief for the appellee.

*Per Curiam:* Harold Duckworth was convicted by a jury of the offense of aggravated battery. He was sentenced and now appeals.

Appellant first asserts insufficiency of evidence to support his conviction. The testimony shows he shot the unarmed victim three times at close range with a .22 caliber pistol, resulting in the victim's complete paralysis from the neck down. Two of the shots were fired after appellant said, "I'm going to kill you," and while the victim was trying to get away. This is sufficient to support the verdict that appellant was guilty of aggravated battery, once the jury rejected appellant's claim of self-defense as it was entitled to do under the evidence.

Appellant's requested instruction on battery as a lesser included offense of aggravated battery was refused. Failure to instruct on a lesser included offense does not constitute error where the evidence negates a lesser degree of guilt or if it excludes a theory of guilt on the lesser offense (*State v. Cameron & Bentley,* 216 Kan. 644, 533 P. 2d 1255). Here the uncontradicted evidence was that appellant shot his victim at close range with a pistol and there was no occasion to instruct on simple battery (see *State v. Schoenberger,* 216 Kan. 464, 532 P. 2d 1085).

Appellant's requested instruction on self-defense was refused by the trial court, which instead instructed the jury on the issue in the language of P. I. K. Criminal § 54.17. That instruction adequately and properly covered the issue (*State v. Weyer,* 210 Kan. 721, 728, 504 P. 2d 178).

The judgment is affirmed.