(562 P.2d 123)

No. 48,358

STATE OF KANSAS, *Appellee*, v. LEE ALAN HUMBOLT, *Appellant.*

Opinion filed March 18, 1977.

*Christopher W. O'Brien* and *Owen J. Redmond, Jr.*, of Redmond and Redmond, of Wichita, for the appellant.

*Stephen M. Joseph*, assistant district attorney, *Curt T. Schneider*, attorney general, and *Vern Miller*, district attorney, for the appellee.

Before FOTH, ABBOTT, and PARKS, JJ.

FOTH, J.: Lee Alan Humbolt appeals from convictions by a jury of involuntary manslaughter (K.S.A. 21-3404) and leaving the scene of an accident (K.S.A. 8-1602). The charges arose out of a hit-and-run accident on December 29, 1974, in which pedestrian Lisa Pratt was struck and killed. Driving on the wrong side of the roadway was the misdemeanor charged as a necessary element of the manslaughter count.

About 7:30 on the fatal evening Lisa and two high school friends were walking west along 83rd Street south of Wichita. So as to be able to see oncoming traffic the girls were walking on the left side of the street, in the eastbound lane; Lisa was nearest the

street's center line. Sadana Kerby, one of Lisa's companions, testified that she heard and saw a vehicle which appeared to be in their lane approaching from behind them to the east, but she didn't say anything because it was quite a distance away. As the vehicle got closer Sadana started to tell Lisa to look out, but was too late. Lisa's tennis shoes were left in the highway; her body was subsequently found in a ditch approximately eighty-five feet from the point of impact. Ann Nufer, the second companion, testified that the vehicle continued in the wrong lane. Both girls identified the vehicle as a truck but because of darkness were unable to observe its color.

Four days later officers working on a tip found a light blue Ford pickup with left front damage in Oklahoma City. It was registered to defendant and his wife. They located the defendant in Oklahoma City and subsequently followed him into Kansas where they arrested him. When arrested he stated, "I have been expecting this." He went on to tell the arresting officer that he hadn't slept much lately and that "[t]he worst person in the world couldn't live with this."

The truck, which had been left in Oklahoma City, was seized and subjected to laboratory analysis. Paint, glass and fabric samples found on the truck matched those at the scene. Edward Hardison, a friend whom Humbolt had visited the evening of December 29, just prior to the accident, testified that he had noticed no damage to the truck's left front fender at that time. It was stipulated that Humbolt's wife saw the damage to the truck when he returned home between 9:00 and 9:30 that night.

On appeal defendant's contentions fall into three categories: the admission of two pieces of opinion testimony, the instructions, and the sufficiency of the evidence.

The last argument, encompassing three points on appeal, is clearly without merit. It was not necessary to prove by eyewitness identification that defendant was driving the fatal instrumentality. Conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Steward,* 219 Kan. 256, 547 P.2d 773, Syl. 13; *State v. Wilkins,* 215 Kan. 145, 523 P.2d 728. The test on appellate review is not whether the state has excluded every reasonable hypothesis of innocence but whether there was a basis in the evidence for a reasonable inference of guilt. *State v. Steward,* supra; *State v. Sparks,* 217 Kan. 204, 535 P.2d 901;

*State v. Crosby,* 182 Kan. 677, 324 P. 2d 197. In this case the evidence showed that it was defendant's truck that was involved in the accident, and that he was driving it just before and within two hours afterwards. These facts, coupled with his admissions on being arrested, afforded ample grounds for the jury's inference that he was driving the truck at the time of the accident.

The opinion testimony now claimed to have been erroneously admitted was that of the officer investigating the scene of the accident and that of Edward Hardison, the friend Humbolt visited just before the accident. The officer, based on the location of the tennis shoes and debris in the roadway and the statements of Lisa's companions, opined that the point of impact was some five feet into the south or left lane of the street. Hardison, based on defendant's manner of speaking, drowsiness, and inability to keep a cigarette in his mouth, stated that defendant "appeared to be" under the influence of alcohol at the time they were visiting.

There are two reasons why the admission of this testimony does not constitute reversible error. First, there was no objection at trial to any of the testimony except that Hardison's first answer was not responsive. In the absence of specific contemporaneous objection we cannot reverse. K.S.A. 60-404; *State v. Carter,* 220 Kan. 16, 551 P. 2d 821; *State v. Moore,* 218 Kan. 450, 543 P. 2d 923. Second, assuming neither witness was an expert, under K.S.A. 60-456 (*a*) the trial court may admit opinion testimony which is "rationally based on the perception of the witness" and is "helpful to a clearer understanding of his or her testimony." In ruling on such evidence the court has wide discretion. *Osborn v. Lesser,* 201 Kan. 45, 439 P. 2d 395. Where an opinion is admitted the trial judge is "deemed to have made the finding requisite to its admission." (K.S.A. 60-456 [*c*].) Both opinions met the test of the statute.

In the instruction area defendant claims error in the trial court's failure to give a special instruction on the circumstantial nature of the state's case. No such instruction was requested, and that alone precludes appellate review unless the failure was "clearly erroneous." K.S.A. 22-3414 (3); *State v. Suing,* 210 Kan. 363, 502 P. 2d 718, Syl. 1. That the omission was not clearly erroneous is demonstrated by *State v. Wilkins,* supra, holding that such an instruction is unnecessary when a proper instruction on the state's burden of proof is given. The burden of proof instruction

given here, as in *Wilkins,* was basically PIK (Criminal) 52.02. It is not challenged and was adequate.

Finally, defendant claims error in the giving of an instruction on "flight." There was an objection below to the instruction as originally proposed, but none to the instruction as given, after it had been amended to conform to defendant's objections. Hence, under the authorities just cited, we are once again precluded from reversing unless the instruction was "clearly erroneous."

The instruction here was identical to the first paragraph of the instruction given in *State v. Moffitt,* 199 Kan. 514, 431 P. 2d 879, except that the one sentence disapproved in that case was omitted here. (Also omitted, in compliance with defendant's request, was the second paragraph.) The text of the instruction given here, as the court said in *Moffitt,* is "a correct statement of the law." (199 Kan. at 524.) Further, this case is not like *State v. McCorgary,* 218 Kan. 358, 543 P.2d 952, cert. den. 429 U.S. 867, 50 L. Ed. 2d 147, 97 S. Ct. 177; or *State v. Floyd,* 210 Kan. 383, 502 P. 2d 744. In those cases there was no evidence of flight, and a flight instruction was therefore held to be improper. Here, the evidence showed that the defendant fled not only from the scene of the accident but from the state as well, and failed to show up for work when expected. As evidencing defendant's consciousness of guilt these were proper matters for the jury's consideration, whether or not a special instruction was called for. *State v. McCorgary,* supra, was decided almost nine months after this case was tried. In *McCorgary* the jury was instructed that they might consider a number of circumstances as evincing the defendant's "consciousness of guilt." In addition to flight the instruction mentioned concealment, fabrication of evidence, the use of a false name and the giving of false information. The instruction was declared faulty only because, as noted above, there was no evidence of flight. Nevertheless, in remanding for a new trial the court specifically directed that no "consciousness of guilt" instruction be given at all, whether supported by evidence or not.

This direction was in line with the court's evolving policy of disapproving any instruction "which emphasizes and singles out certain evidence admitted at a criminal trial." (*State v. McCorgary,* supra at 365.) The weight to be given any evidence is a matter for counsel to argue and for the jury to determine.

This does not mean, however, that giving the instruction here

was reversible error. An instruction, although unnecessary or in a form disapproved by the supreme court, is not "clearly erroneous" where it correctly states the law and does not mislead the jury. See, *e.g., State v. Powell*, 220 Kan. 168, 551 P. 2d 902 (circumstantial evidence); *State v. Holloway*, 219 Kan. 245, 547 P. 2d 741 (definition of reasonable doubt); *State v. James*, 217 Kan. 96, 535 P. 2d 991 ("shotgun" instruction under K. S. A. 60-455); *State v. Rasler*, 216 Kan. 582, 533 P. 2d 1262 (alibi instruction). The instruction given here was such a correct statement, was not misleading, and was therefore not clearly erroneous.

Affirmed.