No. 48,497

STATE OF KANSAS, *Appellee,* v. GARY DEAN HOSKINS, *Appellant.*

(565 P.2d 608)

Opinion filed June 11, 1977.

*Russell Shultz,* of Wichita, argued the cause, and *Willard L. Thompson, Jr.,* of Wichita, was with him on the brief for appellant.

*Stephen Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Stephen E. Robison* and *Sharon Werner,* assistant district attorneys, were on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a conviction for the offense of unlawfully possessing a firearm with a barrel less than twelve inches in length within five years of a felony conviction, contrary to the provisions of K.S.A. 21-4204(1)(*b*).

The facts may be briefly stated. Gary Dean Hoskins, the defendant, and his wife Kathy owned a camper-trailer. In late November of 1974, the defendant asked for and received permission from his brother-in-law, Charles Payne, to park his camper on Payne's property near his house in Colwich, Kansas. On November 30, 1974, the defendant and his wife walked to the Payne house. The defendant was carrying a .38 Special R. G. revolver having a two-inch barrel that had been in his camper and showed it to Payne. At approximately 6:00 p.m., the defendant used Payne's telephone to call Robert Kyle, his father-in-law. An angry conversation ensued. After the telephone conversation, the defendant went to his camper.

The defendant later returned to the Payne house. He had been drinking heavily. He again telephoned Kyle. In the second conversation, Hoskins threatened to kill Kyle. After the telephone call was ended, Mrs. Payne telephoned Kyle and asked him to apologize to the defendant to calm him. Kyle agreed and the defendant took the telephone. After he hung up, he turned to Mrs.

Payne and said, "I am still going to kill him." The defendant went to the living room; Charles Payne followed. Payne put his arm around the defendant and felt the shape of a gun in his right front pocket. The defendant approached his wife, Kathy, who was sitting on the divan in the living room. When he was a few feet from her, he said, "Get up. You are going with me." Kathy refused. The defendant put his hand into his pocket and said, "Get up . . . I am going to count—1, 2, 3." Charles Payne then wrapped his arms around the defendant, preventing him from taking his hand and gun from his pocket. The defendant swiveled the gun inside his pocket. The gun fired; the bullet went through his pocket, through the divan and lodged in the floor.

Pamela Payne ran to a nearby house and called the Sedgwick County Sheriff. Sheriff's officers arrived at the Payne house at 9:15 p.m. Gary Hoskins walked out of the house, and officers apprehended him. They found the .38 revolver in his right front pocket.

The defendant was charged with unlawful possession of a firearm within five years of a felony conviction (K.S.A. 21-4204). The information stated he had been convicted of the crime of robbery by fear in Oregon in 1971 and had been imprisoned in the Oregon State Penitentiary as a result of such felony conviction.

Trial to a jury commenced on April 16, 1975. Conflicting evidence was presented as to the defendant's possession of the gun. The defendant relied on the defense of voluntary intoxication. On April 18, the jury returned a verdict of guilty, and this appeal followed.

The appellant first contends the district court erred in its instructions to the jury. The contention is based on the theory the district court "confused the jury by not relating its instruction on the effect of intoxication . . . on the knowing possession as a state of mind, a critical element in the firearm charge. . . ."

The defendant neither objected to the instructions given nor requested any additional instructions. Hence, our review is limited to determining if the instructions were "clearly erroneous." K.S.A. 22-3414(3); *State v. Wright,* 219 Kan. 808, 549 P.2d 958; *State v. Suing,* 210 Kan. 363, 502 P.2d 718.

The appellant conceded at oral argument that the instructions were not clearly erroneous, and we agree. The district court

instructed the jury on voluntary intoxication and defined the terms "knowingly" and "possession." These instructions were standard instructions which covered the appellant's theory of the case. We cannot say they were clearly erroneous. If the appellant wanted the instructions qualified or expanded in some particular, he should have so informed the district court.

The appellant next contends the district court improperly took judicial notice that the prior Oregon offense of robbery by fear is a felony. The point is not well taken.

K.S.A.60-409(a) commands that:

"Judicial notice shall be taken without request by a party, of the common law, constitutions and public statutes in force in every state, territory and jurisdiction of the United States. . . ."

In 1971, the appellant was convicted of the crime of robbery by fear in the State of Oregon. A certified copy of the journal entry of judgment showing the appellant's Oregon conviction was introduced in the state's case in chief. That crime was a felony. Or. Rev. Stat. 1969 Supp. 163.290, 161.030.

At trial, the appellant never contended the Oregon offense was not a felony. In fact, defense counsel stipulated it was. The fact that the district court did not have the Oregon statutes before it does not render erroneous its taking judicial notice that the Oregon offense was a felony.

The appellant's final contention is that the district court erred in failing to instruct on the lesser included offenses of carrying a concealed firearm (K.S.A. 21-4201[1][d]) and aggravated weapons violation (K.S.A. 21-4202).

The appellant was charged with unlawful possession of a firearm. The offense is defined in K.S.A. 21-4204(1)(b):

"(1) Unlawful possession of a firearm is

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"(b) Possession of a firearm with a barrel less than twelve (12) inches long by a person who, within five (5) years preceding such violation has been convicted of a felony under the laws of Kansas or any other jurisdiction or has been released from imprisonment for a felony."

Unlawful possession of a firearm is a class D felony.

K.S.A.21-4201(1)(d) provides:

"(1) Unlawful use of weapons is knowingly:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"(d) Carrying any pistol, revolver or other firearm concealed on the person except when on his land or in his abode or fixed place of business; . . ."

Unlawful use of weapons is a class B misdemeanor.

K.S.A. 21-4202 converts the offense into a class E felony if the accused has a prior felony conviction within a certain time period. The section provides:

"An aggravated weapons violation is a violation of any of the provisions of K.S.A. 1969 Supp. 21-4201 by a person who within five (5) years preceding such violation has been convicted of a felony under the laws of Kansas or any other jurisdiction or has been released from imprisonment for a felony."

K.S.A. 21-3107 governs the definition of and instruction on lesser included offenses:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (a) A lesser degree of the same crime; (b) An attempt to commit the crime charged; (c) An attempt to commit a lesser degree of the crime charged; or (d) A crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

Our first inquiry must be whether the offenses of carrying a concealed firearm or aggravated weapons violation are lesser included offenses of unlawful possession of a firearm. If they are, we must then decide if instructions on the lesser included offenses were required under the instant information and evidence.

In *State v. Woods,* 214 Kan. 739, 744, 522 P.2d 967, 971, it was said:

". . . If a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. If each is a separate and distinct offense, requiring proof of an element not necessary in the other, then neither can be a lesser degree of the other offense." (*Accord, State v. Evans,* 219 Kan. 515, 548 P.2d 772.)

In Note, *The Doctrine of Lesser Included Offenses in Kansas,* 15 Washburn L.J. 40, 43-44 (1976) it was said:

"In several jurisdictions, including Kansas, a lesser included offense must not require *any* element not required by the crime charged. In other words, there must be 'identity of elements.'

. . .

"The identity of elements requirement is also found in the Kansas statute covering lesser included offenses. Under (a), 'a lesser degree of the same crime,'

the crime charged will always include all the elements of the lesser degree of that crime. . . . Under (*d*), 'a crime necessarily proved if the crime charged were proved,' the lesser will require no elements not in the greater."

The elements required to prove unlawful possession of a firearm (K.S.A. 21-4204[1][*b*] are not the same as the elements required to prove either carrying a concealed weapon (K.S.A. 21-4201[1][*d*]) or aggravated weapons violation (K.S.A. 21-4202). The former requires proof that a defendant knowingly had possession of a firearm with a barrel· less than twelve inches long. (*See* PIK Crim. 64.06) The latter, that a defendant knowingly carried a firearm concealed on his person. (*See* PIK Crim. 64.02) The "knowing" element satisfies the requirement of criminal intent which is an essential element of all crimes defined by the Kansas Criminal Code unless specifically excepted. *See* K.S.A. 21-3201; *State v. Lassley,* 218 Kan. 752, 545 P.2d 379.

The possession of a firearm proscribed by K.S.A. 21-4204 is not the innocent handling of the weapon but a willful or knowing possession of a firearm with the intent to control the use and management thereof. *State v. Neal,* 215 Kan. 737, 529 P.2d 114. Possession is defined as having control over a place or thing with knowledge of and the intent to have such control. *Id.* This possession does not have to be actual physical possession on one's person. For example, unlawful possession may be proven even if the pistol is inside a toolbox in the trunk of the accused's car. *State v. Atkinson,* 215 Kan. 139, 523 P.2d 737. "Possession" does not require either "carrying" or "concealment."

Because carrying a concealed weapon (K.S.A. 21-4201[1][*d*]) requires proof of an element not required for proof of unlawful possession of a firearm (K.S.A. 21-4204[1][*b*]), the former cannot be a lesser included offense of the latter. It follows that aggravated weapons violation cannot be a lesser included offense of possession of a firearm either, because conviction of carrying a concealed weapon is necessary to trigger the aggravated weapons conviction. Hence, the district court committed no error in failing to instruct on lesser included offenses.

The judgment is affirmed.

FROMME, OWSLEY and PRAGER, JJ.: Concur in results.