(573 P.2d 1087)

No. 48,801

STATE OF KANSAS, *Appellee,* v. VERLIE ARNOLD, JR., *Appellant.*

Opinion filed October 28, 1977.

*Patrick L. Dougherty,* of Wichita, for the appellant.

*Stephen M. Joseph,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, for the appellee.

Before HARMAN, C.J., REES and SWINEHART, JJ.

HARMAN, C.J.: A jury found Verlie Arnold, Jr. guilty of attempted rape. He appeals from that conviction and sentence, raising four points.

His complaint that the evidence is insufficient to show an intent to rape requires brief review of the prosecution's evidence. About 5:25 a.m. on September 25, 1976, the victim, a female student at Wichita State University, left her dormitory to walk to the music building to join a group for a trip to Pittsburg State University. She observed a car with only one person in it approaching from the west, which turned left on the same street on which she was traveling and passed her going in the same direction. She was able to identify the car by color, make and dents. As she walked between two buildings on the campus she sensed someone's presence, turned around and saw a man in a crouched position behind her. The man wore no shirt or shoes. She felt he was up to no good and started to hurry faster. She did not remember what happened until she was on the ground screaming and the man was on top of her. By means of street lights she was able positively to identify the man as defendant Arnold. She was sure he had to have forced her to the ground somehow and that she didn't fall on her own accord. The defendant did not touch her purse nor was there any tugging on it. Defendant told her to be quiet or he would kill her. He had one hand on her neck and mouth, trying to close her mouth and choke her. She was in a curled position on her side and he was trying to force her over on her back. The victim, a deeply religious person, spoke the name of Jesus several times and finally said, "I command you to leave in the name of Jesus." Defendant got up and left. While he was still on top of her he placed one hand on the center of her lower abdomen. As he was leaving, the victim saw the lights of a security car, to which she ran and reported the type of car she had seen and a description of her assailant. The security officer had heard screaming. There was a scratch on the victim's face.

Defendant was apprehended shortly thereafter east of the university driving a car similar to that which the victim had previously seen. He was perspiring heavily, had no shoes on and was wearing a shirt which was not tucked in. His shoes were in the car. His trousers had grass stains and dampness on one knee. His socks were damp. There had been dew on the grass where defendant lay on the victim.

Defendant testified in his own behalf that he had been at neighborhood clubs that morning and was on his way to get gas for his car when he was apprehended; he had not been on the

Wichita State campus that morning and did not do any of the acts testified to by the victim; he was wearing shoes when arrested.

Defendant argues the evidence on intent to rape amounted to no more than mere suspicion or probability—it could as well have been robbery, theft or battery. We think the evidence was such—the stealth, the physical actions including the threats, the relative positions of the parties and the like—that the jury could properly have drawn the inference that defendant was bent on rape. This meets the test on appellate review (*State v. Humbolt,* 1 Kan. App. 2d 137, 138, 562 P.2d 123). The issue was one for jury resolution, which settles the matter on appeal.

Defendant contends his stained trousers were improperly admitted in evidence. His complaint that they were a part of a number of exhibits offered en masse was not voiced at trial, as well should have been the case for want of merit in the objection. They were shown to have been the trousers he was wearing when arrested and their relevance is obvious.

Defendant's assertion of error in the trial court's failure to give a requested instruction on circumstantial evidence was answered contrary to his position in *State v. Wilkins,* 215 Kan. 145, Syl. 4, 5 and 6, 523 P.2d 728. Such an instruction is unnecessary when proper instructions on reasonable doubt are given.

More serious is defendant's charge of error in the trial court's failure to give a requested instruction on the lesser offense of battery.

The starting point is K.S.A. 21-3107(3) which provides:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

The duty under the foregoing to instruct on lesser crimes is mandatory but it arises only when there is evidence upon which the accused might reasonably and properly be convicted of the lesser offense (*State v. Seelke,* 221 Kan. 672, 561 P.2d 869).

The subject of lesser crimes is now codified in K.S.A. 21-3107(2), as follows:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
"(a) A lesser degree of the same crime;

"(b) An attempt to commit the crime charged;

"(c) An attempt to commit a lesser degree of the crime charged; or

"(d) A crime necessarily proved if the crime charged were proved."

In many cases the Kansas Supreme Court has dealt with the foregoing provision, particularly subparagraph (d) with which we are presently concerned, and the entire subject has received scholarly attention (Note, *The Doctrine of Lesser Included Offenses in Kansas,* 15 Washburn L.J. 40). The court's recent decisions under subparagraph (d) have considered the question of lesser included offenses by looking at the elements of the crime charged in the abstract; that is, the issue has not been raised and the court has not had occasion to examine the information and consider whether or not some less serious crime may have been factually charged in the information and shown in the evidence as well. (Under K.S.A. 1976 Supp. 22-3201 an offense may be charged in considerable factual detail or it may be drawn simply in the language of the statute defining the offense.) Taking the approach mentioned, the court, for example, in *State v. Hoskins,* 222 Kan. 436, 439, 565 P.2d 608, quoted approvingly from *State v. Woods,* 214 Kan. 739, 744, 522 P.2d 967, as follows:

" '. . . If a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. If each is a separate and distinct offense, requiring proof of an element not necessary in the other, then neither can be a lesser degree of the other offense.' . . ."

Thus under what has been termed the "identity of elements" doctrine where factual allegations in the information have not been brought into play, the conclusion has been that under subparagraph (d) the lesser offense must require no elements not in the greater.

So far as pertinent here, K.S.A. 21-3502 defines rape as follows:

"(1) Rape is the act of sexual intercourse committed by a man with a woman not his wife, and without her consent when committed under any of the following circumstances:

"(a) When a woman's resistance is overcome by force or fear; . . . ."

K.S.A. 21-3301 defines an attempt:

"(1) An attempt is an overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime."

K.S.A. 21-3412 defines a battery as the unlawful, intentional

touching or application of force to the person of another, when done in a rude, insolent or angry manner.

Our Supreme Court in earlier cases has had occasion to look at the factual allegations in an information in determining the propriety of an instruction on a lesser crime. In *State v. Way*, 76 Kan. 928, 93 Pac. 159, the defendant was prosecuted upon a charge of setting up and keeping a gambling device. He was convicted of the inferior offense of betting upon a game of chance at a gambling resort. Defendant asserted error in the trial court's instruction that the information charged a violation of the statute upon which the verdict was based. In affirming the conviction the court held:

"A conviction for an offense less than that defined in the statute upon which a prosecution is primarily based may be sustained if the information alleges the existence of all the essential facts constituting such less offense; and under such circumstances a more liberal construction is allowed than is ordinarily applied to criminal pleadings." (Syl. 1)

Later, in *State v. Gibler*, 182 Kan. 578, 322 P.2d 829, the court took the same approach. There defendant was tried on an information charging him with manslaughter in the fourth degree. He was convicted of driving a vehicle while under the influence of intoxicating liquor. The information charged among other things that the defendant at the time and place in question drove an automobile upon a public highway while under the influence of intoxicating liquor. The Supreme Court sustained the conviction over defendant's objection, ruling that the information charged the essential elements of the offense and the evidence at trial in support was unquestioned.

Under K.S.A. 21-3107(2)(*a*) a defendant may be convicted of a lesser degree of the same generic crime (see *e.g., State v. Gregory*, 218 Kan. 180, 542 P.2d 1051). Under subparagraph (*d*) a defendant may be convicted of a lesser crime, not one of a lesser degree of the principal crime, if it is one factually charged in the information and reasonably proven by the evidence and if it is an element of the crime under the facts of the case. Examples might be: The constituent misdemeanor in involuntary manslaughter; the aggravated assault in aggravated robbery; the assault, or as here, the battery in attempted rape. The subparagraph does not, however, permit the charging of an extraneous crime, such as carrying a concealed weapon, in the same count as a robbery, attempted rape or the like.

The information in the case at bar included the following allegations:

". . . VERLIE ARNOLD, JR., did then and there unlawfully, wilfully toward the perpetration of the crime of Rape, as defined by K.S.A. 21-3502, commit the following overt act, to-wit: knocked [the victim] to the ground and got on top of her, with the intention to commit said crime, and the said VERLIE ARNOLD, JR. failed in the perpetration (*sic*) thereof and was prevented and intercepted in executing said crime by a Security Officer of Wichita State University; . . . ."

The statement that the defendant unlawfully and wilfully knocked the victim to the ground and got on top of her sufficiently charges a battery. Taking the approach of "identity of elements" in the abstract the result would have to be that battery is not a lesser included crime to the offense of attempted rape because, although a battery is included in the offense of rape committed by force, attempted rape may be committed without the touching or force requisite to a battery.

However, as stated, the information does charge a battery and the evidence at trial revealed that offense without question. In denying the requested instruction the trial court commented, and the state renews the theory in its argument here, that it would be incongruous and improper for a defendant to rely on the defense of mistaken identity and at the same time take the position that if he was the culprit he didn't have the requisite intent. This kind of argument may be valid in cases where the evidence negates or excludes any theory of guilt of any lesser offense (see *e.g., State v. Stafford,* 213 Kan. 152, 515 P.2d 769; *State v. Hollaway,* 214 Kan. 636, 522 P.2d 364; and *State v. Duckworth,* 219 Kan. 619, 549 P.2d 554) but it does not seem appropriate here. It is not wholly accurate to say defendant relied solely on the defense of mistaken identity or alibi. His cross-examination of the victim was lengthy and probing, aimed in part at negating evidence of intent to commit rape. The prosecutor's evidence, while sufficient for the jury to infer an intent to rape therefrom, was not so conclusive as to negate or exclude any other purpose as contended by the state. If a defendant is denied the benefit of any weakness or doubt in the state's case, he is in effect being denied the standard of proof of guilt beyond a reasonable doubt before being convicted.

It is the duty of a trial court to instruct the jury as to all lesser included offenses of the crime charged that the evidence may

justify, even though the evidence of the lesser offense is weak and inconclusive, as long as the evidence presents circumstances from which such lesser offense might reasonably be inferred. (*State v. Severns,* 158 Kan. 453, 148 P.2d 488; *State v. Clark,* 218 Kan. 18, 542 P.2d 291.)

An instruction on a lesser crime is appropriate where, as here, it is factually charged in the information and the state's evidence is not so conclusive as to negate or exclude guilt on any lesser crime. Here conceivably the jury might have entertained reasonable doubt as to defendant's intent (as indicated, this was jury work), yet had it done so the only alternative was outright acquittal despite the fact defendant was charged with and shown to be guilty of a battery. Everything considered, we think defendant was entitled to an instruction on battery and was prejudiced by the trial court's refusal to grant it.

The judgment is reversed and the cause is remanded with directions to grant new trial.