(612 P.2d 1255)
No. 50,964

STATE OF KANSAS, *Appellee,* v. ANNETTE BRYANT, *Appellant.*

Opinion filed June 27, 1980.

*Barry L. Arbuckle,* of Sanborn, Hollingsworth & Arbuckle, of Wichita, for the appellant.

*Beverly Dempsey,* Assistant District Attorney, *Robert T. Stephan,* Attorney General, and *Vern Miller,* District Attorney, for the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

PARKS, J.: This is an appeal from a jury conviction of aggravated battery. K.S.A. 21-3414.

On September 18, 1978, Linda Henderson and Gloria Bryant, defendant's youngest sister, exchanged words and blows as a result of Linda's remark concerning the paternity of Gloria's newborn child. Shortly thereafter, defendant Annette Bryant, accompanied by her sisters Charlotte and Martha and two of Linda's female cousins, arrived at Linda's home. Linda and her cousin Gretchen Worley testified that the five women were armed and forced their way into the house; the defense witnesses denied carrying any weapons and claimed to have been invited by Gretchen to enter the house. The Bryants encountered Linda in her bedroom. Linda testified that when Charlotte rushed toward her concealing a bulge at her side which Linda believed to be a gun, she shoved Charlotte into a chair and grabbed a pair of scissors from the dresser. Annette testified that she found a knife on the dresser, closed her eyes and sought to protect her sister and herself by "punching at" Linda with the knife. Linda sustained serious injury which necessitated intensive care and surgery.

Defendant admitted stabbing the victim but asserted a claim of self-defense. During their deliberation, the jury sent the court a note with two questions and a request to hear a readback of certain testimony. After discussion and argument by counsel, the

court ordered the readback, but responded to the questions as follows:

"ANSWER: In regard to Questions 2 and 3

The Court has instructed you in all the law in connection with the case, and you should consider the Instructions in this case as a whole."

The jury's second question concerned the self-defense instruction. It read:

"We, the Jury, would like to know if Instruction No. 10 applies to *only* the defendant, or the plaintiff, or both."

Defendant contends that this question showed a lack of understanding regarding the nature of self-defense and that the trial court was under a duty to provide additional guidance. We agree.

The court gave the following self-defense instruction:

"A person is justified in the use of force to defend herself or another against an aggressor's imminent use of unlawful force to the extent it appears reasonable to her under the circumstances then existing."

This instruction is based on P.I.K. Crim. 54.17. While it accurately states the law of self-defense, standing alone it gives the jury no guidance as to how it is to be applied. The jury's confusion could have been averted in the first instance had the bare bones of the instruction been followed or preceded by some additional remarks, and in our opinion the better practice is to do so in any case where self-defense is an issue. For example, the court could have explained that defendant was claiming she acted in self-defense, and that if they found defendant's actions were justified under the stated definition or if they had a reasonable doubt as to whether her actions were justified, then the jury was to find defendant not guilty. Although the court's initial failure to amplify the definition offered by P.I.K. may not have been clearly erroneous (*State v. Duckworth,* 219 Kan. 619, 549 P.2d 554 [1976]), once a jury questioned the application of the instruction, the court had a duty to provide further instruction.

The duty to instruct a confused jury was discussed in *State v. Bandt,* 219 Kan. 816, 823-824, 549 P.2d 936 (1976). There the issue in dispute was whether the defendant knew the property which he had received was stolen. The jury asked whether the requisite knowledge had to be present at the time the defendant received the goods or if it could be realized at some later point. The trial court refused to give a supplemental instruction but

permitted counsel to argue the point of law in the jury's presence. Our Supreme Court reversed and stated:

"In view of the confusion of the jury the trial court had a positive duty to clarify its former instructions by instructing the jury that the defendant must have had knowledge that the property was stolen at the time it was delivered to him by Trammel. The failure of the trial court to give to the jury this additional information was clearly prejudicial and denied the defendant a fair trial. We wish to make it clear that instances may sometimes occur in the course of a trial where the jury raises questions which are irrelevant or which are already adequately covered by the original instructions. Under those circumstances the trial court may decline to answer such questions and direct the jury to reread the instructions already given. A trial court is vested with a great amount of discretion in answering questions directed to him by a jury after the jury has begun its deliberations. The important consideration is that the jury be properly instructed on the essential issues presented at the trial and this is particularly true in a criminal proceeding where the question presented by the jury involves the basic elements of the criminal offense on which the defendant is being tried." *Bandt,* 219 Kan. at 823-824.

Here the jury's question indicated confusion concerning whose conduct could be justified by application of the instruction. The jury did not understand that the self-defense instruction raises a possible justification for the defendant's conduct, or that the actions of the victim must also be considered to evaluate the reasonableness of that conduct. The issue of self-defense was crucial to a determination of guilt in this case. Thus, it was the trial court's duty to instruct that the doctrine of self-defense was offered to explain *defendant's* actions.

We hold that the failure of the trial court to alleviate the confusion of the jury by further instruction was prejudicial error. Accordingly, we need not consider the other alleged trial errors. Reversed and remanded for a new trial.