NOT DESIGNATED FOR PUBLICATION

No. 118,057

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEMETRIUS C. MAGGETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed October 5, 2018. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN and MALONE, JJ.

PER CURIAM: Demetrius C. Maggett appeals the district court's denial of his request for a lesser sentence following the revocation of his probation, claiming an abuse of discretion. The State replies that we lack jurisdiction to consider this appeal because Maggett is appealing an agreed upon sentence as well as a presumptive sentence. In the alternative, the State submits that the district court did not abuse its discretion.

To begin with, we find that we have jurisdiction to review Maggett's claim. In doing so, we align ourselves with this court's previous decision of *State v. Reeves*, 54

1

Kan. App. 2d 644, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). Next, finding that the district court did not abuse its discretion, we affirm the district court's decision.

FACTS

Although Maggett brings this appeal from the revocation of his probation, we will briefly set forth the underlying facts supporting his convictions. On November 5, 2016, Maggett was involved in a domestic dispute with his girlfriend, T.M.T., over Maggett using a belt to discipline T.M.T.'s daughter. During the ensuing argument, Maggett punched T.M.T. in the shoulder, and when she fought back the two struggled and T.M.T. ended up with redness on the left side of her jaw.

T.M.T.'s two daughters observed the fighting and went next door to I.J.M.'s house for help. When I.J.M. came to the aid of T.M.T., Maggett pulled a gun and told I.J.M. that he would kill him. I.J.M. backed away, and Maggett then fled with T.M.T.'s cell phone. The police found both the gun used to assault I.J.M. and T.M.T.'s cell phone on Maggett's person when they arrested him a short time later.

On November 8, 2016, the State charged Maggett with aggravated assault of I.J.M., domestic battery of T.M.T., and theft of T.M.T.'s cell phone. Maggett pled guilty as charged, under a plea agreement. The parties agreed to recommend that Maggett be sentenced to the aggravated number of 13 months' imprisonment for aggravated assault, 6 months in jail for domestic battery, and 12 months in jail for theft, with all counts running consecutive. The parties also agreed to request that the district court not apply the special rule requiring imprisonment for the aggravated assault conviction. Instead, the parties agreed to recommend that Maggett be placed on probation with several conditions, including having no contact with T.M.T.

2

At the sentencing hearing on February 8, 2017, the district court followed the plea agreement and sentenced Maggett to 13 months' imprisonment for the aggravated assault conviction and to consecutive terms totaling 18 months in jail for the two misdemeanor convictions, but placed Maggett on probation for 24 months. The district court also ordered Maggett to have no contact with T.M.T. until he completed all recommended domestic violence classes and T.M.T. authorized the contact.

Forty-seven days later, on March 27, 2017, the State filed a warrant alleging that Maggett had violated the conditions of his probation by having contact with T.M.T. and by committing the new offense of aggravated battery/domestic violence on March 17, 2017. The warrant also alleged that Maggett had contact with T.M.T. on March 22, 2017, and committed the new offense of intimidation of a witness/domestic violence.

At a hearing on June 22, 2017, Maggett stipulated to the probation violations. Despite Maggett's request to be placed back on probation, the district court revoked Maggett's probation and ordered him to serve his underlying sentence, finding that Maggett had committed a new felony while on probation and that reinstating probation would jeopardize public safety. Before the hearing concluded, Maggett moved to modify his sentence by reducing the jail portion of the sentence from 18 months to 12 months. The State opposed the motion. The district court denied Maggett's request for modification stating,

> "I wanted very much for Mr. Maggett to succeed on probation. I never wanted to come back here under the circumstances of a probation violation, much less new charges. Unfortunately, Mr. Maggett has chosen a path that I would not have chosen for him. So I don't believe that any modification is justified so I will deny that oral motion."

Maggett filed a notice of appeal on June 23, 2017.

3

On appeal, Maggett does not argue that the district court erred in revoking his probation. Instead, Maggett claims that the district abused its discretion when it denied his request for a reduced sentence at the probation revocation hearing. The State argues that this court lacks jurisdiction to review the district court's denial of Maggett's request for a lesser sentence at the probation revocation hearing. Alternatively, the State argues that the district court did not abuse its discretion in denying Maggett's request for a reduced sentence.

We will first address the State's jurisdictional claim. Whether jurisdiction exists is a question of law over which an appellate court has unlimited review. *State v. Smith,* 304 Kan. 916, 919, 377 P.3d 414 (2016). Also, resolution of the State's jurisdictional claim requires statutory interpretation. Interpretation of a statute is a question of law subject to unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Under K.S.A. 2017 Supp. 21-6820(c)(1), an appellate court shall not review any sentence that is within the presumptive sentence for the crime. Likewise, under K.S.A. 2017 Supp. 21-6820(c)(2), an appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record. Here, Maggett received a presumptive sentence for his felony conviction and the sentence resulted from an agreement between the parties that the district court approved on the record. Maggett made no attempt to appeal his original sentence.

The district court later found that Maggett violated the terms of his probation. Under K.S.A. 2017 Supp. 22-3716(c)(1)(E), upon a finding that a defendant has violated the terms of probation, the district court may impose a graduated list of intermediate sanctions, including ordering the defendant to serve the sentence imposed "or any lesser sentence." Generally, the district court must impose intermediate sanctions before

4

revoking probation. See K.S.A. 2017 Supp. 22-3716(c). Statutory exceptions allow a district court to bypass intermediate sanctions, which the district court applied here, and the application of those exceptions are not an issue in this appeal. See K.S.A. 2017 Supp. 22-3716(c)(8)(A) and K.S.A. 2017 Supp. 22-3716(c)(9)(A).

The State argues that this court lacks jurisdiction over Maggett's appeal under K.S.A. 2017 Supp. 21-6820(c)(1) because he originally received a presumptive sentence for his crimes. But in *Reeves*, this court found that it has jurisdiction to review the district court's denial of a defendant's request for a lesser sentence upon the revocation of probation, even if the sentence originally imposed was a presumptive sentence under the guidelines. 54 Kan. App. 2d 644, Syl. ¶ 2. The *Reeves* court began by distinguishing a defendant's appeal of an original sentence with an appeal of the district court's denial of a lesser sentence at a probation revocation hearing. By distinguishing the two, the *Reeves* court found that a defendant's appeal of the district court's refusal to reduce a presumptive sentence at a probation revocation hearing is not barred by K.S.A. 2017 Supp. 21-6820(c)(1) because the original presumptive sentence is not what is being appealed. 54 Kan. App. 2d at 647. The *Reeves* court concluded that the district court's denial of a request for a lesser sentence is appealable as a final order, for the same reason that an order to revoke probation is appealable as a final order. 54 Kan. App. 2d at 647.

We agree with the analysis in *Reeves*. Maggett is not trying to appeal his presumptive sentence that the district court imposed on February 8, 2017. In fact, his time for appealing his original sentence expired before he filed his notice of appeal following the probation revocation hearing. See K.S.A. 2017 Supp. 22-3608(c) (defendant shall have 14 days after the judgment of the district court to appeal). Instead, Maggett is appealing the district court's decision on June 22, 2017, denying his request to serve a lesser sentence following his probation revocation. K.S.A. 2017 Supp. 22-3716(c)(1)(E) grants jurisdiction to the district court to modify a sentence upon a probation revocation by allowing the court to impose the underlying sentence or any lesser sentence. See *State*

5

*v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001). Maggett invoked that provision by seeking a lesser sentence upon his probation revocation. The district court's denial of Maggett's request for a lesser sentence at the probation revocation hearing was a final judgment subject to appeal. See K.S.A. 2017 Supp. 22-3601(a); K.S.A. 2017 Supp. 22-3602(a) (addressing appeals from a district court's final judgment in a criminal case).

The State also argues that this court lacks jurisdiction under K.S.A. 2017 Supp. 21-6820(c)(2) because Maggett's original sentence resulted from a plea agreement. Although *Reeves* does not address this exact argument, the analysis is the same. Maggett is not appealing his original plea-negotiated sentence; instead, he is appealing the district court's denial of his request for a lesser sentence upon the revocation of his probation. In this situation, K.S.A. 2017 Supp. 21-6820(c)(2) is not a jurisdictional bar to his appeal.

As a final point on jurisdiction, the procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716, and that statute is not a part of the revised Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 2017 Supp. 21-6801 et seq. The KSGA governs the imposition of the defendant's original sentence, not the district court's decision at a probation revocation hearing. Thus, the limitations on a defendant's right to appeal a sentence under K.S.A. 2017 Supp. 21-6820(c) do not apply to probation revocation hearings governed by K.S.A. 2017 Supp. 22-3716, the statute at issue in Maggett's appeal. See *Reeves*, 54 Kan. App. 2d at 646. In accordance with *Reeves*, we find that this court has jurisdiction to review the issue Maggett has raised on appeal.

But just because we have jurisdiction to review the issue on appeal does not mean there is any merit to Maggett's claim. Maggett claims the district court abused its discretion by refusing his request for a lesser sentence at the probation revocation hearing. K.S.A. 2017 Supp. 22-3716(c)(1)(E) provides that the district court *may* order the defendant to serve the original sentence or any lesser sentence upon the revocation of the defendant's probation. The use of the permissive term "may" in the statute signals that

6

the district court has discretion to either grant or deny a defendant's request for a lesser sentence upon the revocation of probation. See *Reeves*, 54 Kan. App. 2d at 648.

An appellate court reviews the district court's decision to deny a defendant's request for a lesser sentence upon the revocation of probation for an abuse of discretion. *Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Maggett claims no error of fact or law. Instead, Maggett claims that no reasonable person would have denied his request for a lesser sentence based on the spirit of the "double rule." The "double rule" prohibits a district court from imposing a sentence under the guidelines that is greater than twice the base sentence for felony convictions. See K.S.A. 2017 Supp. 21-6819(b)(2), (4); *State v. Eisenhour*, 305 Kan. 409, 410, 384 P.3d 426 (2016) ("Under the double base-sentence rule, a maximum sentence of imprisonment cannot exceed twice the base sentence imposed on a primary crime.").

Maggett's original sentence for his felony conviction of aggravated assault was 13 months' imprisonment. He also received consecutive misdemeanor sentences totaling 18 months in jail, for a controlling term of confinement of 31 months. This sentence is more than twice the base sentence for the felony conviction. By reducing the misdemeanor jail sentences from 18 months to 12 months, as Maggett requested at the probation revocation hearing, his controlling term of confinement would have been reduced to 25 months and would have fallen within the spirit of the "double rule."

7

Maggett correctly concedes that the "double rule" does not apply to misdemeanor sentences. See *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004). Even so, Maggett asks us to apply the reasoning of the "double rule" to his case and find that imposing a sentence greater than double the maximum sentence of the primary crime is unreasonable. Maggett fails to provide any pertinent legal authority to support his request other than some legal writings suggesting that lower sentences prevent recidivism by allowing a defendant to return to the community sooner.

Maggett's argument ignores the underlying facts of his case. Maggett was convicted of aggravated assault with a deadly weapon arising from a domestic violence incident. The district court showed leniency by placing Maggett on probation in the first place. Less than two months later, Maggett violated the no-contact order and committed a new crime of domestic battery with the same victim. Despite Maggett's blatant disregard of the court's orders, the judge thoughtfully considered his request for a lesser sentence, expressing regret that Maggett had squandered his chance at probation. We cannot say that no reasonable person would have taken the view adopted by the district court. Maggett has failed to show that the district court abused its discretion by denying his request for a lesser sentence at the probation revocation hearing.

Affirmed.