No. 47,271

State of Kansas, *Appellee,* v. Lewis B. Woods, Jr., *Appellant.*

(522 P. 2d 967)

Opinion filed May 11, 1974.

*Joel W. Meinecke,* of Topeka, argued the cause and was on the brief for the appellant.

*Larry McClain,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The defendant Lewis B. Woods, Jr. was charged with, convicted of and sentenced for selling a narcotic drug, Cannabis sativa L., commonly known as marijuana, to Richard Cheatum on November 6, 1971, in violation of K. S. A. 1971 Supp. 65-2502 and 65-2519 ( *b* ). This appeal followed.

The sufficiency of the evidence is not questioned and the facts are not in dispute. Messrs. Cheatum and Teeselink, agents of the Kansas Bureau of Investigation (KBI), were working out of the narcotics division of the bureau. They arranged a meeting with a suspect, Mr. "Sly" Harding, at the suspect's residence for the purpose of purchasing drugs. Cheatum and Teeselink arrived

at the Harding residence and were invited by "Sly" Harding to be seated at a table. The defendant Woods, who was apparently in the house, entered the room and was introduced by his friend, "Sly". Woods and "Sly" had a short discussion out of the hearing of the two agents. Then the defendant Woods removed two plastic bags of green vegetation from his coat pocket and placed them on the table. The green vegetation was used to roll cigarettes which were smoked by those present. Cheatum then asked "Sly" how much he wanted for one "lid", one plastic bag of marijuana. The defendant Woods volunteered that "Sly" Harding should set the price. Agent Cheatum offered $10.00 for the lid. This offer was rejected and "Sly" Harding suggested $12.00. This price was acceptable. Cheatum gave Harding $12.00 in cash and took one of the bags of marijuana from the table.

At the trial of the defendant agent Teeselink corroborated agent Cheatum's story and further testified he saw the defendant roll a marijuana cigarette which he handed to Teeselink just before the two agents left the Harding residence. The bag of green vegetation and the cigarette were taken to the KBI laboratory for testing. A forensic chemist who made both a visual and a chemical examination of these two exhibits testified at the trial. He made separate examinations of the contents of the bag and of the cigarette. His visual examination under a low power microscope disclosed the cystolith hairs, warty appearance, vein structure and heavy covering of hair on the leaves which he indicated were characteristic of the leaves of the marijuana plant. He testified that each separate exhibit was subjected to the Duguenois-Lavine test for tetrahydrocannabinal, which is the active chemical ingredient in marijuana. This ingredient was present in each test and its presence confirmed his opinion that the contents of the bag and of the cigarette were marijuana, Cannabis sativa L.

We turn to the points raised in this appeal. The defendant-appellant argues that this action should have been dismissed because the arrest warrant was improperly issued without probable cause. Cases are cited in which the validity of search warrants is drawn into question and the search warrants are held to have been invalidly issued because of lack of supporting information on which to find probable cause for the issuance of the search warrants.

No search warrant is involved here. When the complaint was

filed by the assistant district attorney it was positively sworn to by him. K. S. A. 1971 Supp. 22-2301 (now 1973 Supp.) provides that a prosecution shall be commenced by filing a complaint with a magistrate. K. S. A. 1971 Supp. 22-2302 (now 1973 Supp.) provides:

"If the magistrate finds from the complaint, *or* from an affidavit *or* affidavits filed with the complaint *or* from other evidence, that there is probable cause to believe both that a crime has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue. . . ." (Emphasis supplied.)

A properly verified complaint is generally considered sufficient authority from which a finding of probable cause may be made and on which a warrant may be issued. (*State v. Carey*, 56 Kan. 84, 87, 42 Pac. 371.) The statute 22-2302, *supra*, provides for the issuance of a warrant if the magistrate finds either from the verified complaint or from an affidavit filed with the complaint that there is probable cause. In *State v. Addington*, 205 Kan. 640, 472 P. 2d 225, it is said:

". . . The allegations of the complaint positively sworn to provided the magistrate sufficient basis for making the requisite finding of probable cause to issue the warrant. . . ." (p. 644.)

In *State v. Larkin*, 209 Kan. 660, 498 P. 2d 37, it was pointed out that even though an arrest warrant may be issued upon a defective complaint, that standing alone, will not invalidate a subsequent conviction. In *Larkin* it is said:

"Appellant first complains he was taken into custody by virtue of an arrest warrant issued upon a defective complaint and therefore the trial court erred in denying his motion for discharge. Assuming *arguendo*, that his arrest may have been illegal, he fails to point out resulting prejudice. We have frequently held that an illegal arrest and detention do not, standing alone, invalidate a subsequent convistion [Citation omitted.]." (p. 661.)

The allegations of a complaint positively sworn to provide a magistrate with a sufficient basis for making the requisite finding of probable cause to issue a warrant for arrest. In the present case the arrest warrant was properly issued by the magistrate on a finding of probable cause supported by the allegations of a complaint positively sworn to by the assistant district attorney. Under such circumstances the sufficiency of the statements contained in a separate affidavit filed with the complaint become immaterial.

The defendant next contends that the trial court erred in failing to give the following requested instruction:

"K. S. A. 65-2501 (13). 'Cannabis' includes all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, and other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

This requested instruction includes the entire statutory definition of the prohibited drug in all of its various forms. The trial court instructed the jury that to establish the charge the state must prove that the defendant sold marijuana, Cannabis sativa L. The narcotic drugs controlled under this act are listed in K. S. A. 65-2501 (18) (L. 1957, ch. 338, § 1) as follows:

" 'Narcotic drugs' means coca leaves, opium, *cannabis*, isonipecaine, amidone, isoamidone, ketobemidone and every other substance neither chemically nor physically distinguishable from them; . . . ." (Emphasis supplied.)

An instruction of the trial court on a charge of unlawfully selling a narcotic drug which describes the drug as marijuana, Cannabis sativa L., is sufficient to properly inform the jury of the nature of the drug when the only evidence introduced at the trial concerns the sale of marijuana in the leafy vegetation form. The full statutory definition requested by the defendant would not have been helpful to the jury under the facts of the present case for the evidence of sale related to a bag of green vegetation. There was no evidence introduced at the trial concerning derivatives of the plant such as the resin, oil or cake as were included in the requested instruction. The requested instruction was quite properly refused under the facts of this case.

The defendant's final point is one of first impression in this court. He contends that the possession of marijuana is a lesser included offense in the offense of unlawfully selling marijuana. His entire argument is based upon this contention. He argues the trial court erred in failing to instruct the jury and include verdict forms on the lesser included offense of possession. He points out that it is the duty of the trial court to instruct the jury on all lesser crimes of which the accused might be found guilty under the information and upon the evidence adduced. K. S. A. 1971 Supp. 21-3107 (3) (now 1973 Supp.) provides:

"In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but

as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

The accused was charged with a sale, not with possession. Defendant cites no cases which hold that possession is a lesser included offense in the offense of selling marijuana. His entire argument is prefaced on the bald assumption that possession is a lesser included offense. The state, on the other hand, does not question this faulty premise and merely argues that the statute (21-3107 [3], *supra*) does not require an instruction on a lesser included offense unless it be required *upon the evidence adduced* at the trial. The state further attempts to convince this court that the defendant could not be accused and convicted of possession upon the evidence adduced at the trial. We are not convinced. The briefs are not helpful on the primary question presented.

The Uniform Narcotic Drug Act was first passed in Kansas in 1957 (L. 1957, ch. 338). The acts prohibited thereunder were set forth in section 2 of the act as follows:

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this act." (K. S. A. 65-2502.)

The unlawful possession and the unlawful sale of the controlled drugs were made separate and distinct crimes. The possession or the sale of marijuana was made a felony carrying punishment by imprisonment and hard labor in the penitentiary for a period of not more than seven years. After this law was passed in 1957 much criticism arose over the severity of the punishment imposed by the statute for the simple possession of maijuana held for personal use. Its possession and use was compared to the use of intoxicating liquor and the prime target of law enforcement agencies was then shifted to the "pusher," the one who sold the narcotic. In 1970 the legislature amended the penalty provision for simple possession of marijuana and made it a class A misdemeanor. (L. 1970, Ch. 258, § 1.) At this same time a separate statutory crime and penalty was declared by the legislature for possessing marijuana with the intent to sell the same (K. S. A. 1971 Supp. 65-2519a). Possession with intent to sell was made a class D felony and carried the same penalty as an unlawful sale. This dichotomy, *i. e.*, the crime of possession without intent to sell, a misdemeanor, and the crime of possession with intent to sell, a felony, has continued in the amendments which have followed. See L. 1971, Ch. 211, §§ 2, 3, and L.

1972, Ch. 234, § 25. So at the time the present charge was filed selling marijuana was a class D felony, possession of marijuana with intent to sell was a class D felony and simple possession without intent to sell was made a class A misdemeanor.

Under a charge of simple possession of marijuana it is not necessary to prove ownership of the prohibited drug in the sense of title, but the prosecution is required to show some measure of control over some amount of the drug. Such control may be immediate and exclusive, jointly held with another or it may be constructive possession where the drug is kept by the accused in a place to which he has some measure of access and right of possession and control. See Anno: Narcotic—Possession—What Constitutes, 91 A. L. R. 2d 810.

On the other hand a sale under the Uniform Narcotic Drug Act is construed in a broad sense, giving it a meaning much wider than it is normally given in the context of commercial law and without regard to questions of the passing of title, the existence of consideration or who possessed the drug sold. See Anno: Uniform Narcotic Drug Act—"Sale," 93 A. L. R. 2d 1008.

Under the definitions contained in the Kansas act, subsection (10), " 'Sale' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee." (L. 1957, Ch. 338, § 1.)

Now let us consider what is generally considered as necessary to the existence of a lesser included offense. If a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. If each is a separate and distinct offense, requiring proof of an element not necessary in the other, then neither can be a lesser degree of the other offense. In *State v. Cory*, 211 Kan. 528, 506 P. 2d 1115, we consider two crimes, burglary and possession of burglary tools, and state:

"One may attempt to commit a burglary without possessing burglary tools. Entrance may be attempted without tools. Further, one may possess burglary tools with the requisite felonious intent but without committing the overt act necessary under K. S. A. 1972 Supp. 21-3301 to attempt a burglary. Thus, each is an offense requiring proof of an element not necessary in the other, and neither is a lesser degree of the other offense charged. (See *People v. Szymezak*, 116 Ill. App. 2d 384, 253 N. E. 2d 894, and 2 Wharton's Criminal Law and Procedure, § 443, p. 65.). . . ." (p. 531.)

Under our former prohibitory liquor law this court was called on to determine the question of whether the unlawful possession of intoxicating liquor was a lesser included offense in the prosecution for the unlawful sale thereof. It was held to the contrary and convictions on two separate counts, possession and sale, were upheld in *State v. Backstrom,* 117 Kan. 111, 230 Pac. 306, where the unlawful possession charged was not a part of the transaction constituting the sale. (See also *State v. Supancic,* 117 Kan. 110, 230 Pac. 306.) In *State v. Ford,* 117 Kan. 735, 232 Pac. 1023, it is said:

". . . Assuming that in order for the defendant to be guilty of the sale of the jug of whiskey it was necessary for him to have had such control of it at the moment of delivery as to render him guilty as well of having it in his possession, it does not follow that the offense of possession of which he was found guilty was an ingredient of the offense of making the sale. As a practical matter, the defendant in order to carry out the deal may have been obliged to transport the liquor some distance and therefore to have had it in his possession for a considerable period, but possession for that period was not legally essential to a sale. The offense of having it in his possession was complete before the time for delivery had arrived." (pp. 735, 736.)

Although the reasoning in the liquor cases may be clouded the result reached in those cases lends support to a determination that the possession and the sale of narcotics are entirely separate and distinct offenses.

Under the statutory definition of a sale physical possession of the prohibited drug would not appear to be a required element of the offense. A sale may be consummated by barter, exchange or gift and the transaction constituting a sale may be by a principal, proprietor, agent, servant or employee. On the other hand in the case of simple possession without intent to sell there must be proof of some quantum of physical control. Such an element of proof is not required in cases of sale. In addition, in the case of a sale, any possession of the narcotic, which may appear from the evidence, is with a separate and distinct intent, an intent to sell, which under the statute raises the crime of possession to equal status with a sale and makes such a possession a class D felony.

Other states have considered this same question and have arrived at a similar conclusion. In *Gee v. State,* 225 Ga. 669, 171 S. E. 2d 291, it was said:

"There are different elements present in the two crimes of selling and possessing the prohibited drugs. Proof of the illegal sale of the drugs would not prove the illegal possession of the drugs, since persons might legally possess the drugs who could not legally sell them. Proof of the illegal possession of

the drugs would not prove the illegal sale of the drugs. Neither offense is a necessary element in, and constitutes an essential part of, the other offense. . . ." (p. 674.)

(See also *People v. Blake*, 179 Cal. App. 2d 246, 3 Cal. Rptr. 749; *People v. Valerio*, 13 Cal. App. 3d 912, 92 Cal. Rptr. 82; *State v. Booker*, 86 N. J. Super. 175, 206 A. 2d 365; *State v. Vallejos*, 89 Ariz. 76, 358 P. 2d 178; *Thompkins v. State*, 126 Ga. App. 683, 191 S. E. 2d 555; 28 C. J. S. Supp., Drugs & Narcotics, § 171, p. 247.)

Before concluding this opinion we wish to call attention to *State v. Culbertson*, 214 Kan. 884, 522 P. 2d 391. The thrust of that opinion indicates that simple possession of marijuana is a lesser included offense in any charge of possession of marijuana with intent to sell. The distinction between our holding in *Culbertson* and the present case should not be overlooked.

Accordingly we hold that the possession of marijuana as proscribed in K. S. A. 1971 Supp. 65-2502 and 65-2519 (*b*) is not a lesser included offense in a prosecution for the unlawful sale of marijuana as proscribed in K. S. A. 1971 Supp. 65-2502 and 65-2519a. There are different elements present in the two crimes. The trial court did not err in failing to give an instruction and submit verdict forms on the crime of simple possession of marijuana since the crime of possession is not charged in the information and is not a lesser included offense of the crime charged in the information.

The judgment is affirmed.