No. 47,688

The State of Kansas, *Appellee*, v. Richard W. Collins, *Appellant*.

(536 P. 2d 1382)

Opinion filed June 14, 1975.

*James W. Wilson,* of Hodge, Wood & Wilson, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Montie Deer,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The defendant was tried and convicted on two counts relating to drug offenses committed on or about September 13, 1973. In the first count he was charged with possession with intent to sell and selling marijuana. The second count charged conspiracy to sell L. S. D. A third count alleged felonious assault. His conviction on this count is not involved in the present appeal.

Five points are set forth in the statement of points. Number three has been abandoned and we take no further note thereof.

In point one which, incidentally, was not orally argued, the de-

fendant complains that the state was permitted to endorse the name of an additional witness on the information, that of Fred Cooper, who had fingerprinted the defendant and his companions. The record indicates the state filed its motion December 3, 1973. The motion was noticed up for hearing December 7, 1973, and was granted on that date. Trial was commenced December 9, 1973.

No objection to the endorsement appears in the record. Nonetheless we shall restate our well settled rule. The late endorsement of witnesses rests in the sound judicial discretion of the trial court and its ruling will not be overturned in the absence of a showing of abuse, the test being whether the substantial rights of the defendant have been prejudiced. (*State v. Blocker,* 211 Kan. 185, 189, 505 P. 2d 1099; *State v. Foster,* 202 Kan. 259, 447 P. 2d 405; *State v. Johnson,* 210 Kan. 288, 295, 502 P. 2d 802.)

No prejudice is brought to our attention in this case. The defendant knew of the state's application at least six days before it was granted and knew of its allowance two days before trial was to commence. This forewarning should have afforded defense counsel ample time to interview Mr. Cooper prior to his being called as a witness. In the absence of any showing to the contrary, we reject the point.

The remaining points of error are directed toward the instructions. We need not spend a great amount of time with them, however, for no objections thereto were interposed at the trial. To the contrary, the record reveals that counsel for defendant spoke in these very words, in responding to inquiry made by the court: "Defendant Collins has no objections to the instructions submitted."

Our cases lay down the rule that instructions to which no objections are made at the trial level become the law of the case and are not to be considered on appeal unless they are clearly erroneous. (See cases collected in 1 Hatcher's Kansas Digest [Rev. Ed.] Appeal & Error, § 344; 2 Hatcher's Kansas Digest [Rev. Ed.] Criminal Law, § 420.)

We shall look at the challenged instructions in the light of our rule. In instructions six and seven the trial court informed the jury as to the "procuring agent" theory of defense. The availability of this defense in narcotics or drug cases was recognized by this court in *State v. Osburn,* 211 Kan. 248, 505 P. 2d 742, in which we said that where the accused acted as the procuring agent for the purchaser in obtaining narcotics, and not for the seller, he can be found guilty of possessing the drugs but not of selling them. This

principle has been reaffirmed in *State v. Fitzgibbon*, 211 Kan. 553, 507 P. 2d 313. (See, also, *State v. Wheeler*, 215 Kan. 94, 100, 523 P. 2d 722.)

When construed together, as instructions must be, instructions six and seven do not appear clearly erroneous. We believe, in fact, they are quite adequate in presenting the procuring agent theory as it exists in our law.

In the other instruction which is questioned, the trial court instructed that count one, which charged the defendant with both possession with intent to sell, and the sale of marijuana, included the lesser included offense of simple possession. The point attempted to be made here is that possession of marijuana is not a lesser included offense of sale of marijuana, and hence, that the instruction is clearly erroneous.

It is true we have held that simple possession of marijuana is not a lesser included offense of the sale of that drug. (*State v. Woods*, 214 Kan. 739, 522 P. 2d 967; *State v. Nix*, 215 Kan. 880, 529 P. 2d 147.) Those cases, however, can be of small comfort to this defendant.

Count one charges the defendant with two separate and distinct crimes, sale of marijuana and possession of marijuana with intent to sell, both being felonies under the law (the matter of duplicity seems never to have been raised). While possession of marijuana, which is designated a misdemeanor in K. S. A. 65-4125 (*a*) (now K. S. A. 1974 Supp. 65-4127b (*a*), is not a lessor included offense of sale of marijuana, we have no doubt it is a lesser included offense of possession of marijuana with the intent to sell, which is named in K. S. A. 65-4125 (*b*) (now K. S. A. 1974 Supp. 65-4127b (*b*), as a class D felony. Such, indeed, is the thrust or import of our recent decision in *State v. Culbertson*, 214 Kan. 884, 522 P. 2d 391.

A crime may be said to be a lesser included offense where all of its elements are necessary elements of the greater crime which is charged. (*State v. Giddings*, 216 Kan. 14, 531 P. 2d 445; *State v. Woods*, supra.) Simple possession of marijuana is a classic example of a lesser included offense in relation to possession of marijuana with the intent to sell.

We find no error in the judgment of the court below and the same is affirmed.

FROMME, J., not participating.