No. 50,370

STATE OF KANSAS, *Appellee*, v. RANDALL FRANCIS NEWELL, *Appellant.*

(597 P.2d 1104)

Opinion filed July 14, 1979.

*Stephen M. Joseph*, of Pendergraft, Glover & Joseph, P.A., of Wichita, argued the cause and was on the brief for the appellant.

*Joseph P. O'Sullivan*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general and *Joseph L. McCarville*, assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: Randall Francis Newell was convicted by a jury of possession of heroin with intent to sell and of possession of marijuana. He was sentenced, pursuant to the Habitual Criminal Act (K.S.A. 21-4504), to prison for not less than 10 years nor more than 40 years. The defendant appeals.

In November, 1977, Randall F. Newell lived at 819 East 4th Street, Hutchinson, Kansas, and was suspected by the Hutchinson police of being a drug dealer.

At the same time Brian Collins and Sherrie Davis were arrested in Wichita and charged with possession of heroin. To reduce their potential penalty, they agreed to become informants for the Wichita Police Department narcotic section.

Late in the morning of November 1, 1977, Collins, Davis, and several Wichita narcotics detectives went to Hutchinson and met

with detective Earl Baxter where plans were made for a "controlled buy" of narcotics from the appellant.

Shortly after noon of that day, the officers followed the informants to Newell's residence at 819 East 4th Street, which they entered at 12:21 P.M. and departed at 3:00 P.M. During the time informants were in the defendant's house there was no apparent activity observed except that one Debra Rogers entered and remained therein.

Upon the informants departing defendant's residence, they were searched by the officers who had them under surveillance and a packet of white powder was recovered. Later tests proved the powder contained heroin.

Based on these facts, a warrant was obtained from the Reno County District Court authorizing a search for heroin at the Newell residence.

The search warrant was executed at 4:40 P.M. of that day by forcing the front door of the house since no one was home at the time.

While the search was being conducted, Randall Newell and Debra Rogers arrived on the premises. Upon discovering the officers in his house, Newell fled, falling down as he crossed the front yard with the officers in pursuit. He was arrested at that time and a small packet containing brownish powder was discovered at the place defendant had fallen. The contents of the packet were later determined to be partially heroin.

The search of Newell produced $9,344.00 in cash; and a pestle with a small amount of heroin, two boxes of lactose, two baggies containing heroin, and a .22 caliber revolver were seized from a search of the house.

All of the seized items plus the packet of heroin found in the front yard were introduced in evidence at the trial.

Defendant was charged with possession of heroin with intent to sell (K.S.A. 1977 Supp. 65-4127a), possession of marijuana (K.S.A. 1977 Supp. 65-4127b) and unlawful possession of a firearm (K.S.A. 21-4204). He was acquitted of the gun possession charge and convicted of the other two.

Appellant Newell maintains as his first issue of error he was entitled to an instruction on possession of heroin as a lesser included offense of possession of heroin with intent to sell under authority of K.S.A. 21-3107(3).

This is an interesting point. There can be no doubt the in-

struction on possession of heroin should have been given if it is a lesser included offense of possession with intent to sell. In *State v. Collins,* 217 Kan. 418, 420, 536 P.2d 1382 (1975), we held:

"While possession of marijuana, which is *designated a misdemeanor* in K.S.A. 65-4125(*a*) (now K.S.A. 1974 Supp. 65-4127b[*a*]), is not a lesser included offense of *sale* of marijuana, we have no doubt it is a lesser included offense of *possession* of marijuana with the intent to sell, which is named in K.S.A. 65-4125(*b*) (now K.S.A. 1974 Supp. 65-4127b[*b*]), as a *class D felony*." Emphasis added.

This court decided in *State v. Woods,* 214 Kan. 739, 522 P.2d 967 (1974), and reaffirmed in *State v. Collins,* 217 Kan. 418, that a lesser included offense is when all the elements necessary to prove the lesser offense are present and are required to establish the elements of the greater offense.

Possession of a narcotic drug contains all the required ingredients of a lesser included offense of possession with intent to sell, except one; each offense is of the same dignity; they are equal. Both offenses are contained in the same section of the statutes (K.S.A. 1977 Supp. 65-4127a); they are both class C felonies; and the penalty for violation of each is the same. We hold neither offense is the lesser of the other and it follows an instruction thereon is unnecessary.

Appellant's first issue of error is without merit.

For his second issue of error, appellant claims the trial court's limiting instruction on evidence of the commission of other crimes was inadequate.

The State presented evidence without objection of defendant's prior crimes. The court gave the standard P.I.K. limiting instruction thereon to this effect:

No. 10

"Evidence has been admitted tending to prove that the defendant committed a crime other than the present crime charged. This evidence may be considered solely for the purpose of proving the defendant's intent."

Appellant complains the instruction is not sufficiently limiting and cites *State v. Rambo,* 208 Kan. 929, 495 P.2d 101 (1972), and *State v. Roth,* 200 Kan. 677, 438 P.2d 58 (1968), in support of his argument. These two cases illustrate situations in which no limiting instruction was given and are thus inapplicable to this case.

This court stated the appropriate rule in *State v. Hampton,* 215 Kan. 907, 908, 909, 529 P.2d 127 (1974):

"[E]vidence of other similar crimes or civil wrongs is admissible when relevant to establish motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

"We have been careful to point out, however, that the trial court, in its instructions to the jury as to the purpose for which evidence of other offenses may be considered, must designate with particularity the specific elements to which the evidence may be relevant."

The trial court followed the rule in the instant case where the defendant was charged with, among other things, possession with the intent to sell narcotic drugs. The court gave the limiting instruction specifying that evidence of prior crimes should be considered for the purpose of showing intent only. The instruction was proper and adequately limiting under the circumstances.

For a third issue of error appellant contends the search warrant failed to recite sufficient information to determine if the informant was credible and all the evidence seized as a result should have been suppressed.

The defendant properly filed a motion to suppress the evidence which was heard and denied by the trial court prior to trial. The same objection is reasserted on appeal in this way:

"The affidavit requesting the search warrant did not set forth any basis or belief whatsoever that the unidentified informant was credible or reliable, as required by law."

In denying the motion, the trial court found the only assertions made by the informant were that he purchased the heroin from the defendant who stated he had more heroin for sale. The trial court found the statements of Detective Baxter, who accompanied the informant on the controlled buy, were relied upon by the magistrate to supply the underlying information of probable cause that narcotics were present in defendant's house.

The law is well established with regard to the requirements for the issuance of a search warrant based upon information provided by an informant; *i.e.,* hearsay evidence. It is a two-pronged test set forth in *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509 (1964) which was recently noted in *State v. Sanders,* 222 Kan. 189, 192, 563 P.2d 461, *cert. denied* 434 U.S. 833, *rehearing denied* 434 U.S. 1002 (1977), and *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978):

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, . . . the magistrate must be informed of some of the underlying circumstances from which the

informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable'." *Aguilar v. Texas,* 378 U.S. at 114.

Defendant concedes the first prong of the *Aguilar* test is met. He states, "[T]here is sufficient corroboration by Detective Baxter's personal observations to support an inference of personal knowledge by the informant." But he doesn't believe the second prong is met because there was not sufficient information alleged in the affidavit to obtain the warrant to apprise the magistrate of the informant's credibility.

It's true there is no direct statement in the affidavit that Baxter believed the informant to be credible and the information accurate, nor is there a statement he had relied on the informant in the past and the informant proved to be correct as this court suggested in *State v. Sanders,* 222 Kan. at 191, and *State v. Hubbard,* 215 Kan. 42, 44, 523 P.2d 387 (1974), although the U.S. Supreme Court explained in *United States v. Harris,* 403 U.S. 573, 581-582, 29 L.Ed.2d 723, 91 S.Ct. 2075 (1971) that it had "never suggested that an averment of previous reliability was necessary."

In *State v. Hart,* 200 Kan. 153, 434 P.2d 999 (1967) by way of analyzing pertinent U.S. Supreme Court decisions including *Aguilar* on this point, this court stated:

"We are mindful of what has been said in *Nathanson v. United States,* 290 U.S. 41, 78 L.Ed. 159, 54 S.Ct. 11; *Giordenello v. United States,* 357 U.S. 480, 2 L.Ed.2d 1503, 78 S.Ct. 1245; and *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509; and we recognize the precedent established by those cases. The import of those decisions, as we read them, is that before a search warrant may validly be issued, there must have been placed before the issuing magistrate sufficient facts to enable him to make an intelligent and independent determination that probable cause exists; that bald conclusions or mere affirmations of belief or suspicion are not enough; and while an affidavit may be based on hearsay, there must be sufficient affirmative allegations as to the affiant's personal knowledge or his knowledge concerning his informant, or as to the informant's personal knowledge of the things about which the informant spoke, to provide a rational basis upon which the magistrate can make a judicious determination of probable cause." (p. 162)

See also *State v. Sanders,* 222 Kan. 189; *Wilbanks v. State,* 224 Kan. 66.

Even though the facts of the instant case do not meet the highest possible standards enunciated by this court in establishing probable cause we believe the totality of the circumstances

involving Detective Baxter's personal knowledge coupled with the informant's statement are sufficient to support the trial court's conclusions. Baxter's affidavit is part personal knowledge and part hearsay which is stronger than pure hearsay and is sufficient in this case to show probable cause that narcotics were present in the defendant's house. *State v. Morgan,* 222 Kan. 149, 563 P.2d 1056 (1977); *Jones v. United States,* 362 U.S. 257, 4 L.Ed.2d 697, 80 S.Ct. 725 (1960).

Appellant's fourth issue of error is that the trial court erred in imposing the habitual criminal act (K.S.A. 21-4504) on defendant since he was convicted under K.S.A. 1977 Supp. 65-4127a which contains its own habitual criminal provisions.

The applicable statutes are: K.S.A. 1977 Supp. 65-4127a which provides:

"Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture, possess, have under his control, possess with intent to sell, sell, prescribe, administer, deliver, distribute, dispense or compound any opiates, opium or narcotic drugs. Any person who violates this section shall be guilty of a class C felony, except that, upon conviction for the second offense, such person shall be guilty of a class B felony, and upon conviction for a third or subsequent offense, such person shall be guilty of a class A felony, and the punishment shall be life imprisonment."

K.S.A. 21-4504; the relevant sections provide:

"Every person convicted a second or more time of a felony, the punishment for which is confinement in the custody of the director of penal institutions, upon motion of the prosecuting attorney, may be by the trial judge sentenced to an increased punishment as follows:

. . . .

"(5) The provisions of this section shall not be applicable to:

. . . .

(b) any person convicted of a felony for which punishment is confinement in the custody of the director of penal institutions and where a prior conviction of such felony is considered in establishing the class of felony for which such person may be sentenced."

The legislature provided both statutes for enhancement of punishment for the recidivist. There is no conflict between the statutes. Chapter 65 provides for using prior convictions under the act to establish a higher class of felony and chapter 21 provides generally for sentence enhancement for prior convictions of felonies. Subsection (5)(b) thereof prevents further enhancement of the punishment after a prior conviction of a felony is considered in establishing the class of felony. The instant case

does not fall in that category. Newell's prior conviction was not considered in establishing the class of felony, therefore, K.S.A. 21-4504 was properly invoked by the trial judge. We find no merit to appellant's fourth issue of error.

The judgment of the trial court is affirmed.