(598 P.2d 550)

No. 49,841

STATE OF KANSAS, *Appellee,* v. JERRY W. HAGAN, *Appellant.*

Opinion filed August 10, 1979.

*Harry L. Najim,* of Wichita, for appellant.

*Robert J. Sandilos,* assistant district attorney, *Vern Miller,* district attorney, and *Curt T. Schneider,* attorney general, for appellee.

Before REES, P.J., PARKS and SWINEHART, JJ.

REES, J.: Defendant appeals from convictions on four counts of possession of cocaine (counts 1, 3, 5 and 7), and three counts of sale of cocaine (counts 2, 4 and 6). Each of the seven convictions was for violation of K.S.A. 1978 Supp. 65-4127a.

In 1977 an informant financed by and under the immediate direction of law enforcement officers made separate purchases of cocaine from defendant in Wichita on April 4, April 26, and May 27. On June 8, defendant was arrested during negotiation for but prior to completion of a fourth sale. Counts 1 and 2 arose out of the April 4 incident, counts 3 and 4 out of the April 26 incident, counts 5 and 6 out of the May 27 incident, and count 7 out of the June 8 incident.

The events of each incident were essentially the same except that the fourth was cut short. A time and place of meeting was arranged by telephone. The informant, accompanied by a detec-

tive, proceeded by car to the rendezvous. The detective absented himself or waited in the car while the informant met with defendant alone. After determining defendant had the cocaine to be purchased, the informant reported that fact to the detective, was given the purchase money by the detective, made the purchase, and delivered the merchandise to the detective.

Directed at counts 1 and 2, 3 and 4, and 5 and 6, defendant argues that convictions of possession of cocaine and sale of cocaine cannot stand if both arise from the same incident, or transaction, and the possessed cocaine is the cocaine sold. He argues this constitutes impermissible multiplicity. Defendant's contention is that (1) possession of narcotic drugs is an included crime of possession of narcotic drugs with intent to sell, and (2) the crime of possession of narcotic drugs with intent to sell merges with the crime of sale of narcotic drugs upon consummation of the sale of the possessed narcotic drugs; therefore, (3) where the unlawful possession of narcotic drugs is possession of the sold narcotic drugs at the time and place of sale, defendant cannot be convicted of both possession and sale.

Possession of cocaine, possession of cocaine with intent to sell, and sale of cocaine are each a class C felony. Thus, accurately speaking, the first issue before us concerns a claimed included offense, not a *lesser* included offense. *State v. Newell,* 226 Kan. 295, 597 P.2d 1104 (1979).

In pertinent part, K.S.A. 21-3107 reads:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) *Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both.* An included crime may be any of the following: (a) A lesser degree of the same crime;

"(b) An attempt to commit the crime charged;

"(c) An attempt to commit a lesser degree of the crime charged; or

"(d) A crime necessarily proved if the crime charged were proved." (Emphasis supplied.)

A Judicial Council comment following K.S.A. 21-3107 notes the statute's main objective is the formulation of limitations upon unfair multiplicity of convictions or prosecutions. Defendant claims there has been improperly imposed upon him a multiplicity of convictions.

As noted, defendant makes a syllogistic argument. His first premise, possession is an included crime of possession with intent to sell, is supported by case authority of which *State v. Collins*, 217 Kan. 418, 420, 536 P.2d 1382 (1975) (a marijuana case), is representative. We find this premise sound.

Defendant's second premise, the crime of possession with intent to sell merges with the crime of sale upon consummation of the sale, is supported by *State v. Thornton*, 224 Kan. 127, 130-131, 577 P.2d 1190 (1978) (another marijuana case). Neither do we find nor has our attention been called to contrary Kansas authority.

The State's argument is that the convictions may stand because the crime of possession is not an included offense of the crime of sale. Supporting case authority stems from *State v. Ford*, 117 Kan. 735, 232 Pac. 1023 (1925) (a liquor case), includes *State v. Woods*, 214 Kan. 739, 742-746, 522 P.2d 967 (1974) (a marijuana case), and is found by analogy in cases such as *State v. Arnold*, 223 Kan. 715, 576 P.2d 651 (1978). Although Kansas decisions having to do with K.S.A. 21-3107 and its principles are, with few exceptions, addressed to consideration of what constitutes a lesser included crime, the authority of those cases is applicable to the extent of their consideration of what constitutes an included crime. With great frequency, there is at issue in the decisions the K.S.A. 21-3107(3) instruction requirement, a requirement directed to lesser included crimes, not included crimes. Included crimes are not restricted by K.S.A. 21-3107(2) to only those falling within the three categories (see 223 Kan. at 716) identified by subsections (*a*), (*b*), (*c*) and (*d*) of that statute; the statute says that an included crime may be one within those categories.

In the present case and as to each of the first three incidents, or transactions, the State, as a matter of prosecutorial selectivity, stood free to choose among charges of possession, possession with intent to sell, and sale. Each of several crimes established by the same conduct of a defendant may be alleged as a separate count in a single information. K.S.A. 21-3107(1). It is proper to charge by several counts of an information the same offense committed in different ways or by different means to the extent necessary to provide for every possible contingency in the evidence. *State v. Pierce, et al.*, 205 Kan. 433, 437, 469 P.2d 308 (1970). We do not question these principles. The question at hand lies a step or two further along.

Contrary to a case involving marijuana, sale of cocaine and possession of cocaine with intent to sell are offenses of the same class as possession of cocaine. Successful prosecution of no one of the three would result in the availability of a greater sentence than either of the other two. Conviction of defendant of both *possession of cocaine with intent to sell and possession of co*caine would not support imposition of two sentences; they are included offenses (*State v. Collins,* 217 Kan. at 420), and K.S.A. 21-3107(2) prohibits conviction of both. Conviction of defendant of both possession of cocaine with intent to sell and sale of cocaine would not support imposition of two sentences; the crimes would merge (*State v. Thornton,* 224 Kan. at 130-131). May the State obtain multiple convictions in the present case through its chosen exercise of prosecutorial selectivity? We believe not.

We are satisfied that a crime is defined by identification of its constituent elements; the crime is the aggregate of its elements; and if, for whatever reason, one crime merges into another crime, each and all elements of the former crime merge into the other crime. We conclude that the crime of possession of cocaine, an included crime of possession of cocaine with intent to sell, merges into the crime of sale of cocaine upon consummation of the sale. Possession becomes an included crime within proscription of multiple convictions imposed by the first sentence of K.S.A. 21-3107(2). We caution that our conclusion is limited to those instances where the possession of the contraband was solely for the purpose of and solely incidental to its sale and the sale is consummated. Otherwise, there is no merger and possession and sale are separate, distinct crimes. We believe our conclusion is in accord with decisions of other jurisdictions. *State v. Ballinger,* 110 Ariz. 422, 425, 520 P.2d 294 (1974); *Estevez v. State,* 130 Ga. App. 215, 216-217, 202 S.E.2d 686 (1973), *aff'd* 232 Ga. 316, 320, 206 S.E.2d 475 (1974).

Defendant argues the trial court erroneously failed to suppress and admitted as exhibits transparent plastic packets containing cocaine seized incidental to defendant's arrest on June 8. On that date, the State's *modus operandi* was interrupted following the informant's report to the detective that defendant had cocaine. At that point in the script, a small platoon of officers, armed with weapons but not with arrest or search warrants, stormed the

residence of Billy Bevis and Michael Hickman at 227 Garnett. Defendant was apprehended, put to the wall and patted down in a dark hallway at a bathroom door held closed by the occupant of the bathroom, the informant. Upon removal of defendant from that particular spot, the bathroom door was opened and light from the bathroom revealed the packets in an open brown paper bag lying on the hallway floor where defendant had stood during his pat down.

It is not contended that defendant's arrest was illegal, only that the paper bag and packets of cocaine were unlawfully obtained by warrantless search and seizure. Defendant devotes his argument to nonapplicability of the plain view exception to the requirement that a search be supported by a warrant issued upon probable cause. He relies upon *State v. Schur,* 217 Kan. 741, 743-746, 538 P.2d 689 (1975) (a misdemeanor case), and *Coolidge v. New Hampshire,* 403 U.S. 443, 468, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971).

Were defendant to urge his arrest was unlawful, his effort would fail. Under the facts of this case, there existed probable cause to believe defendant was committing a felony, possession of cocaine (K.S.A. 1978 Supp. 65-4127a). See *State v. Brocato,* 222 Kan. 201, 203, 563 P.2d 470 (1977). The reliability of the informant, who informed the detective he observed cocaine in defendant's possession, had been established by three prior purchases of cocaine from defendant. See *State v. Hubbard,* 215 Kan. 42, 43-44, 523 P.2d 387 (1974). The arrest was authorized by law. K.S.A. 22-2401(*c*)(1). To make the authorized arrest, the officers were further authorized to enter the Bevis-Hickman residence. K.S.A. 22-2405.

The admissibility of the evidence here is not approved by finding the officers properly seized evidence in plain view when they were lawfully present. The evidence was admissible because it was the product of a lawful search under K.S.A. 22-2501(*c*). The search was made when an authorized arrest was effected. It was reasonably made in the area of the defendant's immediate presence. It was for the purpose of discovering evidence of the crime, possession of cocaine. The fruit of the search was untainted.

Defendant contends five exhibits, the cocaine purchased from defendant and seized, were never formally admitted into evidence but were considered by the jury. The trial transcript clearly

shows the exhibits were marked and offered. They were the subject of extensive direct and cross-examination concerning identification and description. Various witnesses testified as to their chain of custody. The record reflects chain of custody objections by defendant and trial court reservation of rulings thereon. However, the record fails to disclose specific rulings on defendant's objections and directions of admission as evidence. On the other hand, prior to instructing the jury, the trial judge stated:

"Before we get started, there are many Exhibits marked. There are some of them which were not admitted. My notes reflect, and sort of stay up with me, starting over again, that there were many Exhibits marked and there were some of them that were not admitted. My notes indicate that State's Exhibits Nos. 1, 3, 5, 7 and 9 [the contested exhibits] were admitted . . . ."

Nothing to the contrary was said by counsel.

We find ourselves unpersuaded that the trial judge's notes were inaccurate and the exhibits were not admitted even though rulings on the defense objections and directions of admissions were not shown by the reporter's transcript. Again, the exhibits were thoroughly discussed at trial in the presence of the jury. We deem the failure to formally admit the exhibits, or show of record their admission, a technical or inadvertent error. K.S.A. 60-2105; *State v. Oswald,* 197 Kan. 251, 255, 417 P.2d 261 (1966); *Hindman v. Shepard,* 205 Kan. 207, 217-218, 468 P.2d 103 (1970), *cert. denied* 401 U.S. 928 (1971). We find no motion to strike testimony concerning the exhibits. From a practical standpoint, we see nothing that would have been proved by jury examination of the exhibits that was not already established by trial testimony. The cases relied upon by defendant involve improper consideration by the jury of materials not submitted during trial, such as almanacs or dictionaries, and are distinguishable on their facts. *State v. Lantz,* 23 Kan. *728 (1880); *State v. Clark,* 34 Kan. 289, 291-292, 8 Pac. 528 (1885); *State v. Schaben,* 69 Kan. 421, 425-426, 76 Pac. 823 (1904); *State v. McNichols,* 188 Kan. 582, 589, 363 P.2d 467 (1961). Assault on the chain of custody evidence was available jury argument regarding the weight and credence to be given the State's evidence. Defendant fails to show how he was prejudiced.

We have considered defendant's argument to us that the chain of custody evidence was insufficient and find it without merit.

*State v. Beard,* 220 Kan. 580, Syl. ¶¶ 3, 4, 552 P.2d 900 (1976); *State v. Treadwell,* 223 Kan. 577, Syl. ¶ 2, 575 P.2d 550 (1978). Trial testimony identified the exhibits and showed them to be free from material alteration. We cannot find as a matter of law that the State's chain of custody proof was insufficient to allow admission and jury consideration of the exhibits or testimony concerning them.

Defendant complains of certain other admitted evidence that he says was relevant only to a conspiracy count of which he was found not guilty. This evidence was of "snorting" of cocaine by defendant and others, taped telephone conversations of defendant and others directly and indirectly concerning cocaine purchases, and testimony pointing to defendant as a supplier of cocaine. Defendant now argues, without having done so before the trial court, that a limiting instruction should have been given. The failure to give such an instruction must be clearly erroneous before we can reverse. K.S.A. 22-3414(3); *State v. Suing,* 210 Kan. 363, Syl. ¶ 1, 502 P.2d 718 (1972). A finding of clear error requires us to conclude that there was a real possibility of a different verdict had the limiting instruction been given. *State v. Stafford,* 223 Kan. 62, Syl. ¶ 2, 573 P.2d 970 (1977). There was an abundance of evidence supporting conviction of defendant on the seven counts. We find no real possibility a limiting instruction would have made a difference. *State v. Bell,* 224 Kan. 105, 108, 577 P.2d 1186 (1978).

Next, defendant alleges error in the trial court's failure to give his requested instruction on the defense of entrapment. The defense of entrapment is statutorily governed by K.S.A. 21-3210. K.S.A. 21-3210(*b*) provides that entrapment is not a defense where "[t]he crime was of a type which is likely to occur or recur in the course of such person's business, and the public officer or his agent in doing the inducing or soliciting did not mislead such person into believing his conduct to be lawful."

Judicial Council comment explaining K.S.A. 21-3210(*b*) includes the following:

"Some criminal activity is very difficult to detect unless law enforcement officers are permitted to take the initiative, in the form of a solicitation. Under the safeguards provided for the defendant in subsection (*b*), they are permitted to do so. The crime must be of a type which is likely to occur or recur in the course of the actor's business or activity. For example  .  .  .  if his activity is selling narcotics, it is permissible for a law enforcement official to solicit a sale. If the

■■■

actor is willing to sell to the official who pretends to be an ordinary patron, it is safe to assume that he would make similar unlawful sales to other persons."

Defendant argues there was no evidence of an intent or predisposition by him to sell cocaine and that the informant solicited the sales. Where evidence is introduced in support of the defense of entrapment and a conflict is presented as to whether the intent to engage in an enterprise involving narcotics originated in defendant's mind or was instigated by the State, the issue is one of fact and an instruction on entrapment should be given upon request. *State v. Amodei,* 222 Kan. 140, Syl. ¶ 5, 563 P.2d 440 (1977); *State v. Gasser,* 223 Kan. 24, 27, 574 P.2d 146 (1977).

The evidence indicates it was the informant who first contacted defendant concerning a purchase of cocaine, but that defendant telephoned the informant at his residence prior to the first purchase to tell him a shipment of cocaine had come in. As a part of the first sale, defendant provided a sample. On another occasion, defendant told the informant not to say anything over the telephone because federal agents were watching "cocaine dealers in the Wichita area," the inference being that defendant was a dealer in cocaine. The fact that defendant was first contacted by the informant concerning a sale of cocaine, standing alone, did not require an instruction on entrapment. The evidence is that defendant followed up on the initial contact and was a more than willing participant in sales of cocaine to the informant involving total payments of some $6,500. Defendant must do more than allege solicitation by the State to justify an instruction on entrapment. There must be evidence indicating defendant had no predisposition to sell or possess the cocaine. The record is barren of any such evidence. The evidence shows defendant to have been a willing participant in cocaine dealing.

The convictions and sentences on counts 1, 3 and 5 for possession of cocaine are reversed and the trial court is directed to vacate the same without a hearing thereon and without defendant or his counsel being present. The convictions of sale of cocaine on counts 2, 4 and 6 and of possession of cocaine on count 7 are affirmed.