(613 P.2d 387)
No. 51,211

State of Kansas, *Appellee,* v. George Brown, Jr., *Appellant.*

Opinion filed July 3, 1980.

Tom Clarkson, of Wichita, for the appellant.

Beverly Dempsey, assistant district attorney, Robert T. Stephan, attorney general, and Vern Miller, district attorney, for the appellee.

Before Foth, C.J., Abbott and Meyer, JJ.

Foth, C.J.: This is an appeal from defendant's conviction of possession of heroin.

Defendant was charged by an information filed January 18, 1979, with the crime of possession of heroin *with intent to sell.* At the conclusion of the trial, the court prepared jury instructions both on possession of heroin with intent to sell *and* on simple possession, as requested by the State. Defense counsel objected to the giving of the latter instruction on the ground that possession is not a lesser included offense of possession with intent to sell since both crimes carry equal penalty provisions. The trial court overruled the objection and the jury returned a verdict finding defendant guilty of simple possession.

On appeal defendant renews his argument that the instruction on simple possession was erroneous because it is not a lesser included offense of the crime charged. In overruling defendant's objection, the trial court relied on the provisions of K.S.A. 21-3107, which state in relevant part:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (*a*) A lesser degree of the same crime;

"(*b*) An attempt to commit the crime charged;

"(*c*) An attempt to commit a lesser degree of the crime charged; or

"(*d*) A crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the informa-

tion or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

The trial court concluded that an instruction on simple possession is authorized by K.S.A. 21-3107(2), since simple possession is an "included crime" of possession with intent to sell under 21-3107(2)(*d*). The trial court's conclusion was correct.

Possession of a narcotic drug is an *included* offense of possession with intent to sell because all elements necessary to prove the former are present and are required to establish the elements of the latter. However, simple possession is not a *lesser* included offense of possession with intent to sell because both offenses are contained in the same section of the statutes (K.S.A. 1979 Supp. 65-4127a), both are class C felonies, and the penalty for violation of each is the same. *State v. Newell*, 226 Kan. 295, 297, 597 P.2d 1104 (1979).

Since simple possession of heroin is not a lesser included offense of possession with intent to sell, the provisions of 21-3107(3) are not applicable. Consequently, the giving of instructions is governed by the general provisions of 22-3414(3). Under that statute, the trial court has the authority to instruct on all crimes which have been requested by one of the parties, and which defendant may be convicted of under 21-3107(2).

Here, the State requested an instruction on simple possession of heroin. K.S.A. 21-3107(2) authorizes a conviction of that offense, since it is an included offense of the crime charged (possession with intent to sell). Therefore, the trial court did not err in giving the instruction on simple possession.

*State v. Newell*, 226 Kan. 295, does not alter this conclusion. There the defendant had been charged with and convicted of possession of heroin with intent to sell. He argued on appeal that he was entitled to an instruction on simple possession under 21-3107(3), as that offense is a lesser included crime of possession with intent to sell. The Court rejected this argument, saying:

"Possession of a narcotic drug contains all the required ingredients of a lesser included offense of possession with intent to sell, except one; each offense is of the same dignity; they are equal. Both offenses are contained in the same section of the statutes (K.S.A. 1977 Supp. 65-4127a); they are both class C felonies; and the penalty for violation of each is the same. We hold neither offense is the lesser of the other and it follows an instruction thereon is unnecessary." 226 Kan. at 297.

The issue in *Newell* was whether the trial court had a manda-

tory *duty* under 21-3107(3) to give an instruction on simple possession. The Court held that the peremptory rule of 21-3107(3) did not apply because (1) a duty under that subsection arises only where the crime charged may include some *lesser* crime, and (2) simple possession is not a lesser crime of possession with intent to sell. Hence, an instruction on simple possession was "unnecessary."

In contrast, the issue here is whether the trial court was *authorized* under 22-3414(3) and 21-3107(2) to give an instruction on simple possession pursuant to a request by the State. This issue did not arise under the circumstances present in *Newell* and it was not addressed by the Court.

We have examined the four verdict forms submitted to the jury and conclude that, while they might have been more artfully worded they gave the jury a clear choice of guilty of possession with intent to sell, guilty of simple possession, or not guilty. We see no undue potential for confusion, and no reasonable possibility of prejudice.

Affirmed.